On March 9, 1999, this Court issued an Opinion and Journal Entry granting Respondent's Motion for Summary Judgment in this matter and dismissing Petitioner's Quo Warranto action. On March 12, 1999, Relator filed what he has styled as an application for reconsideration, purportedly under Appellate Rule 26. On March 22, 1999 Respondent filed his response to this application.
First and foremost it must he noted that Relator's motion seeking a writ of quo warranto was an original action filed with this Court. As such, the civil rules of procedure would apply, not the appellate rules. Thus, as Rule 26 is entirely inapplicable to this original civil action and the civil rules do not recognize a reconsideration procedure, this Court may not consider Relator's application for reconsideration and must overrule this application. Further appeal remains Relator's sole avenue of review of this matter.
That stated, this Court has fully addressed the issues raised by Relator within our March 9, 1999 Judgment Entry. This Court is well aware of the rules of statutory construction. As we earlier stated, the language of Ohio Revised Code § 2953.33(A) specifically states that a person who has his records sealed pursuant to R.C. § 2953.32 is to be restored ". . . to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole." This section unequivocally restores all rights to the convicted felon. As we earlier stated, R.C. § 2961.01 does not
specifically state that a governor's pardon is the exclusive remedy for loss of one's right to hold office. While the dissent opines that the statutes regarding sealing of criminal records were meant to address only employment considerations, nowhere within those statutes or within the legislative history is this purpose delineated. Thus, we must read the statutes in pari-materia; that is, we, must give effect to both apparently conflicting laws in order to reconcile this apparent conflict. We may not, as judges, rewrite these laws. As stated in our original Opinion, we would send the parties back to the legislature should they desire a different result in this matter.
For all of the foregoing, Relator's Application for Reconsideration is dismissed as a nullity. Costs to be taxed against Relator.
--------------------
--------------------
 -------------------- JUDGES.